Per Ctjeiam :
While the claimant, as pay director, with the rank of captain in the United States Navy, was on duty as general storekeeper at the navy-yard, Boston, there was carried on the rolls, as employed at the storehouse and paid by the paymaster of the yard on rolls certified by the claimant, among others, a laborer by the name of Martin Gallagher. Said Gallagher, however, had performed no service in said storehouse except to carry packages of government property, delivered to the claimant after office hours, to the storehouse the next morning.
*518 . Said Gallagher, though carried on the rolls and paid as a laborer at the storehouse, was the caretaker of the dwelling, property of the United States, in which the claimant resided. The services performed by said Gallagher were personal to the claimant in this, that he cleaned the sidewalks, watered plants, cleaned windows, sjminkled the lawns, removed snow from the walks, carried into the house for the claimant’s use his wood and coal, and, in general, had charge of said dwelling and yard and grounds in connection therewith under the control and direction of the claimant the same as though he had been in his personal employ.
The claimant seeks to justify the payment of said Gallagher, as a laborer on the rolls of the storehouse, on the ground that it was the common practice or custom at navy-yards for laborers in the employ of the Government to be “ detailed to look out for the. quarters of officers.” Such practice or custom, however, does not have the sanction or approval of the Navy Department, and for the reason that there is no law authorizing it. Therefore such custom, if prevailing at the navy-yards, would not have the force of law, especially where the service of one lawfully employed is diverted, as in the present case, to the personal service of the officer.
But if we should assume that Gallagher knew his services in caring for the house and grounds were personal to the claimant and not for the Government, still as the claimant and not the Government received the benefit of such service he should pay for it, especially as the payment by the Government was made through his fault. It was doubtless for this reason that the Navy Department and the accounting officers both decided that the claimant should reimburse the Government for the money so paid out. True, the money was paid into the Treasury by the claimant under protest, but with knowledge that he and not the Government had received, to that extent, the benefit of Gallagher’s service. Wo are therefore not inclined to disturb the action of the accounting officers in their settlement of the matter.
Petition dismissed.